The STATE OF FLORIDA et al.,
Plaintiffs,

v.

Caspar W. WEINBERGER, Secretary of the Department of Health, Education and Welfare, et al., Defendants.

Civ. A. No. 2173–73.

United States District Court,
District of Columbia.

July 31, 1975.

---

---

Charles A. Miller, Washington, D.C., for plaintiffs.

Philip L. McCormick, James B. McCabe, Cummings & Durkan, Seattle, Wash., Malachy R. Murphy, Deputy Atty. Gen., State of Washington, Olympia, Wash., for plaintiff-intervenor State of Washington.

Christopher Hagen, Dept. of HEW, Washington, D. C., John T. Boese, Dept. of Justice, Washington, D. C., for defendants.

## MEMORANDUM AND ORDER

AUBREY E. ROBINSON, Jr., District Judge.

This case is currently before the Court on Cross Motions for Summary Judgment. The action is brought by fourteen States of the United States which have approved plans for rendering social services to eligible persons pursuant to 42 U.S.C. §§ 602 and 802. They bring this action against officials of the Department of Health, Education and Welfare (hereinafter HEW) seeking a judicial declaration that the document dated December 20, 1972, entitled "Interpretation of Federal Regulations in Determining the Allowability of State Claims for Federal Financial Participation in Expenditures for Social Serv-

ices" (hereinafter the Twiname Memorandum) was unlawful, contrary to law, null and void and of no legal effect. Plaintiffs challenge Issues 1, 4, 5 and 7 of the Twiname Memorandum, contending that in several major respects they establish new conditions for social service grants which are substantially more onerous than pre-existing requirements and which have been used as the basis for denying otherwise valid claims that should have been honored. To support their requested relief, Plaintiffs argue that the Twiname Memorandum was procedurally deficient in that the rulemaking procedures prescribed in the Administrative Procedure Act were not followed. In addition, Plaintiffs assert that the restrictions imposed on the States in the Twiname Memorandum are contrary to statutes imposing moratoria on changes in the Social Services Program. Lastly, Plaintiffs contend that these same provisions in the Twiname Memorandum are contrary to the Social Security Act and applicable regulations.

■ Plaintiffs' procedural challenge to the Twiname Memorandum can only be partly resolved at this time. The Defendants have conceded that portions of the Twiname Memorandum represent a change in policy.[1] Since HEW has promulgated a regulation making the procedural requirements of Section 4 of the Administrative Procedure Act applicable to all its rulemaking relating to "public property, loans, grants, benefits, or contracts[2]," such changes in policy require compliance with the procedural requirements for rulemaking. *Rodway v. U.S. Department of Agriculture*, 514 F. 2d 809 (D.C.Cir. 1975). Thus as to Issue 7 and to the conceded portion of Issue 1, the plaintiffs are entitled to Summary Judgment on the issue of the procedural propriety of the Twiname Memorandum.

---

1. Defendants have conceded at page 47 of their Points and Authorities in Opposition to Plaintiffs' Motion for Summary Judgment that the imposition of strict durational limits in Issue 1 represented a change in policy. In addition at page 50 of the same, Defend-

ants concede that Issue 7 in its entirety represents a similar imposition of new requirements.

2. 36 Fed.Reg. 2536 (Feb. 5, 1971).

█ Notwithstanding the foregoing, the Court is unable to totally resolve the procedural challenge to the Twiname Memorandum at present. Whether remaining portions of the Twiname Memorandum represented new policies and restrictions as contended by Plaintiffs or merely clarified "inherent and fundamental" policies as argued by Defendants is a disputed material fact which is inappropriate for resolution on a Motion for Summary Judgment.

██ However, the Court does find two substantial issues in this matter ripe for resolution at this time. The plaintiffs have argued that the statements of policy set forth in the Twiname Memorandum impose restrictions upon the States which are violative of both moratoria legislation and the Social Security Act and applicable regulations. The Court concludes that the Defendants are entitled to Summary Judgment on both points. The moratoria legislation[3] on its face is not applicable to a memorandum issued December 20, 1972, since it prohibits the effectiveness of only those regulations and modifications promulgated by the Secretary of HEW after January 1, 1973. And the Plaintiffs have failed to establish that the restrictions imposed upon the States in the Twiname Memorandum are unreasonable or contrary to statute. *Udall v. Tallman*, 380 U.S. 1, 85 S.Ct. 792, 13 L.Ed. 2d 616 (1965); *Connecticut State Department of Public Welfare v. Department of HEW*, 448 F.2d 209 (2nd Cir. 1971).

Upon the foregoing, and it appearing to the Court that there is no dispute as to material fact relating to certain portions of the pending motions, and it appearing that Plaintiffs are entitled to Partial Summary Judgment on portions of their procedural challenge to the Twiname Memorandum and that Defendants are entitled to partial Summary Judgment on other portions of the cross motions for summary judgment, as indicated, it is this 31st day of July, 1975,

Ordered that on the issue of whether Issue 7 and the portion of Issue 1 which imposed durational time limits were issued in violation of the Administrative Procedure Act, the Plaintiffs' Motion for Partial Summary Judgment be and hereby is granted and the Defendants' Motion be and hereby is denied; and it is

Further ordered that on the issues of whether the Twiname Memorandum is violative of the moratoria legislation and the Social Security Act and regulations promulgated thereunder, the Defendants' Motion for Summary Judgment be and hereby is granted and Plaintiffs' Motion be and hereby is denied; and it is

Further ordered that on the issue of whether the remaining portions of the Twiname Memorandum are invalid on the grounds that the rulemaking procedures of the Administrative Procedure Act were not followed, both motions for summary judgment be and hereby are denied.